```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

LAURA L. VITALE,                  )
                                  )
                  Plaintiff,      )
                                  )
     v.                           )   No.  08 C 5413
                                  )
BLITT & GAINES, P.C., et al.,     )
                                  )
                  Defendants.     )
```

## MEMORANDUM ORDER

Law firm Blitt & Gaines, P.C. ("Blitt & Gaines"), represented by one of the firm members, has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought by Laura Vitale ("Vitale") under the auspices of the Fair Debt Collection Practices Act and other federal and state statutes. This memorandum order is occasioned by some problematic aspects of that responsive pleading.

To begin with, counsel has ignored the directive contained in this District Court's LR 10.1. That requirement is not of course occasioned by the District Court's investment in a paper supplier--instead it has obvious constructive purposes, not the least of which is to facilitate the kind of evaluation that this Court has had to carry out by the inconvenient procedure of flipping back and forth between the Complaint and Answer. Accordingly, when counsel returns to the drawing board to prepare the Amended Answer and ADs called for hereafter, that responsive pleading is expected to comply with LR 10.1.

To turn to some flaws that appear on the face of the bobtailed response, the first of those is found in each of the paragraphs in which defense counsel follows a procedurally proper invocation of the disclaimer permitted under Fed. R. Civ. P. ("Rule") 8(b)(5)[1] by stating "and, therefore, denies same" (see Answer ¶¶4, 6, 7, 9, 10 and 26). That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer and must be omitted the next time around.

Next, even a cursory comparison of the Complaint and Answer reveals that defense counsel has followed a pattern of addressing specific allegations by Vitale (just as is called for by Rule 8(b)(1)(B)) with the phrase "and denies all remaining allegations contained in paragraph --." That usage is permissible where the specific responses do not cover all the bases, but it makes no sense where that is not the case. This Court has made no effort to parse the existing Answer in that respect, but on repleading counsel should be careful to avoid the overuse of that locution.

Lastly as to the Answer itself, its Paragraphs 15, 18 and 30

---

[1] No view is expressed here, of course, as to whether those disclaimers are advanced in the objective good faith required by Rule 11(b).

2

impermissibly contain the statement that an exhibit or statute "speaks for itself." In that respect, see App. ¶3 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). When defense counsel turns to the preparation of an Amended Answer, it must conform to the mandate of Rule 8(b)(1)(B).

As to the ADs, they are problematic in a couple of respects. Here they are:

    1. AD 1 essentially takes the form of a Rule 12(b)(6) objection. But when Vitale's allegations are accepted as true, as they must be for that purpose, AD 1 is simply wrong. It is stricken.

    2. What has just been said as to the way in which a Complaint must be read for Rule 12(b)(6) purposes applies as well to an AD--in that respect see App. ¶5 to <u>State Farm</u>. That principle calls for striking ADs 3 and 4, and this Court so orders.

    3. AD 5 simply parrots several of the grounds identified in Rule 8(c), without offering any explanation as to how they assertedly apply. That violates the notice pleading requirement applicable to defendants and plaintiffs alike. Accordingly AD 5 is also stricken, but this time without prejudice to the possible reassertion of one or more of the stated grounds if they are fleshed out with

3

appropriate information as to the basis for their application.

In sum, the existing Answer and ADs are stricken in their entirety. Blitt & Gaines is granted leave to file a self-contained Amended Answer and ADs on or before December 12, 2008.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 1, 2008